NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3316

PHILIP CRAWLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Philip Crawley, of Virginia Beach, Virginia, pro se.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3316

PHILIP CRAWLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC831E080195-I-1.

_____

DECIDED:  December 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Philip Crawley appeals a final decision of the Merit Systems Protection Board (MSPB), <u>Crawley v. Office of Pers. Mgmt.</u>, No. DC831E080195-I-1 (M.S.P.B. Aug. 5, 2008), denying his appeal of a reconsideration decision by the Office of Personnel Management (OPM), which denied Mr. Crawley disability retirement benefits under the Civil Service Retirement System (CSRS).  We <u>affirm</u>.

BACKGROUND

Mr. Crawley worked as a Motor Vehicle Operator for the Navy in Virginia Beach, Virginia until he resigned on November 3, 2006.  On March 3, 2007, Mr. Crawley filed an application with OPM for disability retirement benefits under CSRS.  He claimed to

be suffering from depression and hearing loss since the date of his resignation. In support of this claim, Mr. Crawley attached a December 27, 2006 letter from Dr. Anthony T. Amabile stating that "Mr. Crawley is a patient of mine who is currently under treatment for depression. He is fully disabled until further notice." Mr. Crawley also attached a one-page "pure tone audiogram" pertaining to the alleged hearing loss. After reviewing all of Mr. Crawley's documentation, OPM denied Mr. Crawley's claim in a June 18, 2007 decision. OPM determined that there was insufficient evidence to establish that depression caused his service deficiencies or that his hearing loss was disabling.

Mr. Crawley requested OPM's reconsideration and submitted a one-sentence note from Dr. Alex O. Williams, dated March 6, 2006, stating that Mr. Crawley had been under Dr. Williams's care for the past year for a chronic condition and that Mr. Crawley continues to require periodic follow-up. OPM again denied Mr. Crawley's claim, determining that his "claimed disabling medical condition was not in any way the cause for [his] misconduct" —i.e., that he had not established a disabling medical condition prior to his resignation on November 3, 2006. OPM also reviewed both the December 27, 2006 letter and the March 6, 2006 note and concluded that Mr. Crawley "failed to provide sufficient objective medical evidence." OPM gave this documentation "no weight" because OPM considered it to be subjective.

Mr. Crawley appealed OPM's denial of retirement disability benefits to the MSPB. In an initial decision dated March 19, 2008, an administrative judge (AJ) determined that Mr. Crawley failed to produce evidence that his medical conditions prevented him from attending work and/or performing the essential duties of his position prior to his

resignation on November 3, 2006. Accordingly, the AJ affirmed OPM's denial of retirement disability benefits. This decision became final on August 5, 2008. Crawley v. Office of Pers. Mgmt., No. DC831E080195-I-1 (M.S.P.B. Aug. 5, 2008).

DISCUSSION

Mr. Crawley appeals the MSPB's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Moreover, "factual determinations on 'questions of disability and dependency' are unreviewable by this or any other court." Vanieken-Ryals v. Office of Pers. Mgmt., 508 F.3d 1034, 1038 (Fed. Cir. 2007) (citing 5 U.S.C. § 8347; Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 779–80 (1985)).

Mr. Crawley contends that the MSPB failed to take into account "the fact that [he] was being treated for a terminal illness which is still ongoing" and failed to consider "[his] documentation." Mr. Crawley further argues that he "had filed a discrimination report that they inadvertently held[] against [him]."

The record demonstrates, however, that the MSPB considered all of the alleged disabilities and documentation before it. The MSPB specifically noted that both the December 27, 2006 letter and the "unexplained results of an audiogram . . . were made after [Mr. Crawley's] November 3, 2006, resignation, and neither indicates that [Mr. Crawley] because of his medical conditions was unable prior to his resignation to attend work and/or perform the essential duties of his position." The MSPB also considered

subsequent physician letters and a report confirming Mr. Crawley's diagnosis of depression and hepatitis C. To the extent that Mr. Crawley challenges the weight afforded the alleged disabilities and documentation, we lack jurisdiction. Vanieken-Ryals, 508 F.3d at 1040.

We note that in its reconsideration of Mr. Crawley's claim, OPM gave "no weight" to the December 27, 2006 letter and the March 6, 2006 note because it concluded that Mr. Crawley "failed to provide sufficient objective medical evidence." This was in error. We explicitly rejected this "objective evidence" standard in Vanieken-Ryals, 508 F.3d at 1042 ("[W]e hold that it is legal error for either agency to reject submitted medical evidence as entitled to no probative weight at all solely because it lacks so-called 'objective' measures such as laboratory tests."). The MSPB, however, explained that the December 27, 2006 letter, which merely stated that "Mr. Crawley is a patient of mine who is currently under treatment for depression. He is fully disabled until further notice," did not provide support for Mr. Crawley's claim that he was disabled prior to his November 3, 2006 resignation. The MSPB further reviewed the March 6, 2006 note; a November 16, 2006 report by Dr. Williams; a February 25, 2008 declaration by Mr. Crawley; and various other letters submitted by Mr. Crawley. Based upon all of these documents, the MSPB concluded that "the record does not reflect that [Mr. Crawley] prior to his resignation suffered from any medical condition which required his absence from the workplace or affected his ability to acceptably perform the essential duties of his former position."

Lastly, Mr. Crawley claims that his removal was improper because of a discrimination report he had filed. Mr. Crawley resigned from the Navy pursuant to a

settlement agreement whereby he agreed to resign in exchange for the Navy withdrawing a removal action against him. It is now too late to challenge the settlement, and in any event Mr. Crawley is bound by his settlement concerning the removal action.

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the MSPB denying Mr. Crawley's request for disability retirement benefits under CSRS.

## COSTS

No costs.